UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:16-CV-60947-DPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GREGORY D. CALLISTE

    Defendant,
_____/

## PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT

Plaintiff, UNITED STATES OF AMERICA, by and through its undersigned counsel, moves for entry of a Final Judgment as to Defendant, Gregory D. Calliste. In support of this Motion, Plaintiff states as follows:

    1.    On May 7, 2016, pursuant to Fed.R.Civ.P. 4(e), Plaintiff served the Defendant with Plaintiff's Summons and Complaint.

    2.    Defendant has failed to answer or otherwise formally respond within the time period prescribed by Fed.R.Civ.P. 12(a).

    3.    In accordance with the provisions of Fed.R.Civ.P. 55(b)(2), this Court is empowered to enter a default judgment against the Defendant for relief sought by Plaintiff in its Complaint when:

        a.    The Defendant was served with copies of the Plaintiff's Summons and Complaint as provided by Fed.R.Civ.P. 4(e).

    b. The Defendant has neither answered nor otherwise responded formally to the Plaintiff's Summons and Complaint, and the time to do so has expired, pursuant to Fed.R.Civ.R. 12(a).

    c. Upon Plaintiff's information and belief, the Defendant is neither an infant nor an incompetent person requiring special service in accordance with Fed.R.Civ.P. 4(g).

    d. Further, Plaintiff has conducted a search with the Department of Defense Manpower Data Center which shows that the Defendant is not serving with the United States Armed Forces, therefore is not entitled to the protection of 50 U.S.C. App. Section 520. A copy of the Department of Defense Manpower Data Center Military Status Report is attached hereto as Exhibit "A".

4. Defendant's default was entered by the Deputy Clerk on June 1, 2016. A copy is attached hereto as Exhibit "B".

5. Attached hereto and made part hereof is a copy of the Certificate of Indebtedness, duly sworn to and subscribed, prepared and submitted on behalf of the Department of Education, an agency of the United States of America, on whose behalf this action is brought. See Exhibit "C".

6. As of the date on the Certificate or Indebtedness, the amount due and owing to Plaintiff is $11,834.03, consisting of $7,385.19 in unpaid principal, and $4,448.84 in interest for Claim No.: 2011A83951.

## BILL OF COSTS

Plaintiff, the United States of America, is entitled to recover from Defendant, costs in this proceeding and the following statutory cost for the litigation of this action as set forth below. A copy of the Invoice is attached as Exhibit "D".

Fee for Process Service per 28 U.S.C. § 1921                    $25.00

WHEREFORE, Plaintiff requests the entry of default judgment against Defendant, Gregory D. Calliste, for the amounts due and owing to it, and has attached hereto a proposed Final Judgment.

Dated: June 8, 2016

Respectfully submitted,

BECKER & POLIAKOFF, P.A.
*Counsel for Plaintiff*
121 Alhambra Plaza, Suite 1000
Coral Gables, FL 33134
Telephone: (305) 262-4433
Facsimile: (305) 442-2232
Sdavis@bplegal.com
Acervera@bplegal.com
Mlopez@bplegal.com

By: _____
Steven M. Davis, Esq.
Florida Bar No. 894249

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served by CM/ECF or the respective mailing address on this ___ day of June, 2016 to all counsel or parties of record on the Service List Below.

/s/ Steven M. Davis
Steven M. Davis, Esq.

**Service List:**
Gregory D. Calliste
1455 SW 10th Street
Ft. Lauderdale, FL 33312

Department of Defense Manpower Data Center

Results as of : May-31-2016 07:00:54 AM

SCRA 3.0



Status Report
Pursuant to Servicemembers Civil Relief Act

Last Name: CALLISTE
First Name: GREGORY
Middle Name: D.
Active Duty Status As Of: May-31-2016

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350



EXHIBIT A

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. ý 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via this URL: https://kb.defense.gov/PublicQueries/publicQuestions/FaqsAnswers.jsp?Subject=Locating Service Members or Getting a Mailing Addresss. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. ý 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

Certificate ID: 21QAL9E8D316020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

### CLERK'S DEFAULT

CASE NO. 16-cv-60947-DPG

United States of America,

    Plaintiff(s),

v.

Gregory D. Calliste,

    Defendant(s).

_____/

It appearing that the defendant(s) herein, **Gregory D. Calliste**, [is] in default for failure to appear, answer or otherwise plead to the complaint filed herein within the time required by law. Default [is] hereby entered against defendant(s) Gregory D. Calliste, as of course, on this date June 1, 2016.

-

                                     STEVEN M. LARIMORE
                                     CLERK OF COURT

                             By:    s/ L. Harris
                                    L. Harris
                                    Deputy Clerk

cc:    Hon. Darrin P. Gayles
        Counsel of record
        Gregory D. Calliste
        1455 SW 10th Street; Ft. Lauderdale  33312



EXHIBIT B

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #1 OF 1

Gregory D Calliste

Account No.

I certify that U.S. Department of Education records show that the BORROWER named above is indebted to the United States in the amount stated below plus additional interest as of 03/24/2016.

On or about 06/01/1998, the BORROWER executed a promissory note to secure a Direct Consolidation loan from the U.S. Department of Education. This loan was disbursed for $6,577.22 on 06/08/1998 at a variable rate of interest to be established annually. The loan was made by the Department under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a et seq. (34 C.F.R. Part 685). The Department demanded payment according to the terms of the note, and the BORROWER defaulted on the obligation on 08/04/2003. Pursuant to 34 C.F.R. § 685.202(b), a total of $951.98 in unpaid interest was capitalized and added to the principal balance.

The Department has credited a total of $258.40 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the BORROWER now owes the United States the following:

| | |
|---|---|
| Principal: | $7,385.19 |
| Interest: | $4,448.84 |
| Total debt as of 03/24/2016: | $11,834.03 |

Interest accrues on the principal shown here at the current rate of 3.12% and a daily rate of $0.63 through June 30, 2016, and thereafter at such rate as the Department establishes pursuant to Section 455(b) of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087e.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: **March 24, 2016**

Christian Lee Odom
Senior Loan Analyst
Litigation Support Unit


EXHIBIT C

Caplan, Caplan & Caplan Process Servers
12555 Orange Drive
Suite 106
Davie, FL 33330
Phone: (954) 462-1800
Fax: (305) 854-4847
46-4588872

## INVOICE

Invoice #CPN-2016013878
5/10/2016



Steven Davis
BECKER & POLIAKOFF, P.A.
121 Alhambra Plaza
10th Floor
Coral Gables, FL 33134

Case Number: Southern 16-CV-60947-DPG

Plaintiff:
UNITED STATES OF AMERICA,

Defendant:
GREGORY D. CALLISTE,

Received: 5/4/2016   Served: 5/7/2016 7:15 am   SUBSTITUTE - RESIDENTIAL
To be served on: GREGORY D. CALLISTE

### ITEMIZED LISTING

| Line Item | Quantity | Price | Amount |
|---|---|---|---|
| LOCAL FEE | 1.00 | 25.00 | 25.00 |
| TOTAL CHARGED: | | | $25.00 |
| BALANCE DUE: | | | $25.00 |



EXHIBIT D

PLEASE ENCLOSE A COPY OF THIS INVOICE WITH YOUR PAYMENT OR INCLUDE THE INVOICE NUMBER ON YOUR CHECK.

WE NOW ACCEPT CREDIT CARDS VIA OUR WEB SITE.

******PLEASE NOTE OUR NEW TAX ID NUMBER*******

Page 1 / 1

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox V7.1d

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:16-CV-60947-DPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GREGORY D. CALLISTE

    Defendant,
_____/

### FINAL JUDGMENT AND ORDER CLOSING CASE

Pursuant to Federal Rule of Civil Procedure 55(b), it is hereby:

**ORDERED AND ADJUDGED** that:

1. Judgment is entered in favor of the Plaintiff United States of America ("Plaintiff"), and against the Defendant, Gregory D. Calliste ("Defendant"), upon the Complaint [D.E. #1] herein,

2. Plaintiff shall recover of the Defendant the following sums:

   a. Principal     $7,385.19
   (after application of all prior payments, credits, and offsets),
   b. Interest through March 24, 2016     $4,448.84
   c. Costs     $25.00
   TOTAL:     $11,859.03
   plus interest at the rate of 3.12% from March 24, 2016 to the date of this judgment, for all of which sums let execution issue.

3. This judgment shall bear interest at the rate as prescribed by 28 USC §1961 and shall be enforceable as provided by 28 U.S.C. § 2001 et seq., 28 U.S.C. §§ 3001- 3307 and Fed. R. Civ. P. 69(a).

4. Plaintiff's address is: Becker & Poliakoff P.A., 121 Alhambra Plaza 10th Floor, Coral Gables, FL 33134 and U.S. Department of Education 50 Beale St., Suite 8601 San Francisco, CA 94105. Defendant's address is: 1455 SW 10th Street, Ft. Lauderdale, FL 33312.

5. This case is CLOSED and all pending motions are DENIED as MOOT.

DONE AND ORDERED in Chambers at _____, Florida this ___ day of _____, 2016.

                                                                    _____
                                                                    UNITED STATES DISTRICT JUDGE

cc:     Steven M. Davis, Esq. (Two Certified Copies)
        Gregory D. Calliste (Defendant)